TEUTONIA INS. CO. *v.* BOYLSTON MUT. INS. CO.[1]

*(Circuit Court, E. D. Louisiana.* April 10, 1884.)

INSURANCE.
 Ambiguous language in an insurance policy should be construed against the insurer.

In this case, which is a suit on an open policy for reinsurance, the parties have waived a jury, and submitted the case to the court on the following agreed state of facts:

(1) That at several places on the Yazoo river, which is a tributary to the Mississippi river, on the twelfth and fourteenth days of November, 1883, several persons delivered on board the steam-boat E. C. Carroll, Jr., with privilege of reshipping, several parcels of cotton; that is to say, 79 bales of cotton, the property of the persons to whom the same were consigned at New Orleans, and for whose account the plaintiff insured the same for the sum of $3,950 against the perils of the rivers, fires, jettisons, etc., from places at which the same were laden to New Orleans.

(2) That at several places on the said Yazoo river, on the thirteenth and fifteenth days of said month, several other persons delivered on board the steamboat S. H. Parisot (she being then on a voyage from a place or places on the said Yazoo river to New Orleans) several other parcels of cotton, that is to say, 22 bales of cotton, the property of the persons to whom the same were consigned at New Orleans, and for whose account the plaintiff insured the same for the sum of $1,100 against the perils, fires, jettisons, etc., from the place at which the same were laden to New Orleans.

(3) That the said steam-boats Carroll and Parisot carried all said cotton safely to Vicksburg, a port on the Mississippi river, and that, on the sixteenth day of said month, all the said cotton on the said steam-boat E. C. Carroll, Jr.,

.Reported by Joseph P. Hornor, Esq, of the New Orleans bar.

was unladen and reshipped on the said steam-boat S. H. Parisot, in the Mississippi river at Vicksburg aforesaid, and the said steam-boat S. H. Parisot, on the said sixteenth day of said month, (after the reshipment of the said cotton from the said E. C. Carroll, Jr.,) departed from Vicksburg, with all said cotton on board, continuing her voyage from a place or places on the said Yazoo river to New Orleans, with right to stop at intermediate way landings on the Mississippi river.

(4) That on the seventeenth day of said month the said steam-boat, S. H. Parisot. touched at Goldman's Landing and at Rodney, at which last-named places several other persons delivered on board said last-named steam-boat several other parcels of cotton, that is to say, 24 bales and one half-bale of cotton, the property of the persons to whom the same were consigned at New Orleans, and for whose account the plaintiff insured the same for the sum of $1,225 against the perils of the rivers, fires, jettisons, etc., from the places last-named to New Orleans.

(5) That said steam-boat, S. H. Parisot, pursued her voyage with all the cotton mentioned on board thereof, until said steam-boat and all said cotton were burned and consumed by fire on said Mississippi river, below Rodney, on the eighteenth day of said month.

(6) That the value of said several parcels of cotton exceeded the several sums insured by the plaintiff.

(7) That the persons for whose account the plaintiffs insured said cotton made proper proofs of their interest in the cotton, and of their losses and damages, and demanded of the plaintiffs payment of the same, and the plaintiffs admitted their liability to pay said demands and paid the same in full, namely, $6,725.

(8) That when the said several parcels of cotton were delivered to said several steam-boats, as aforesaid, there was a contract of the defendant, reinsuring the plaintiffs, which contract the plaintiffs have filed with their petition in this cause, but whether said contract applied to the cotton mentioned is the only dispute between the parties. The said contract is made part of this stipulation.

(9) That the plaintiffs delivered to the defendants proper notice of the loss of said cotton, and requested the defendants to enter the same on said contract of reinsurance, and tendered payment of the premium of reinsurance and demanded of defendants payment of the sum of $1,275, but defendants refused to recognize plaintiff's request and demand, on the ground that said contract of reinsurance never attached to any of the cotton above mentioned.

(10) If the contract of reinsurance never attached to any of the cotton above mentioned, defendants are to have judgment for costs; and if it did attach, the plaintiffs are to have judgment for $1,275 and costs.

The following is the part of the policy in question pertinent to the case:

"No. 27—Teutonia Insurance Company.—From points and places on the Mississippi river and its tributaries to New Orleans. This insurance is understood and agreed to be on the excess which the said Teutonia Insurance Company may have on all their policies on cotton, sugar, and molasses, and cotton seed, issued at their office in New Orleans, or at their Shreveport agency as follows, viz.: On the excess of $10,000 on boats from places on the Mississippi river, but said excess not to exceed $5,000 by any one boat.

"On their excess of $5,000 on boats from places on the tributaries of the Mississippi river, but said excess not to exceed $15,000 by any one boat. This insurance is to cover from and after January 1, 1883, and to be deemed continuous, but may be canceled at any time by either party giving ten days notice, without prejudice to risks pending at the time of cancellation.

"Subject to the same risks, conditions, valuations, privileges, and mode of

adjustment as may be assumed or adopted by the Teutonia Insurance Company, and loss, if any, payable *pro rata* with, at the same time and in the same manner as by said company."

*E. M. Hudson,* for plaintiff.

*O. B. Sansum,* for defendant.

PARDEE, J. The question at issue is one of construction of the written clause in the policy, whether it is descriptive of the boats or of the freight; whether the excess for reinsurance was to be determined by the places the boats were from or by the places the freight was from. The question is one of great difficulty, and however decided the rule adopted would lead to contingencies evidently not contemplated by the parties. From the language of the clause in question it is clear that the defendant limited its risk to $15,000 on any one boat; that the policy was intended to protect plaintiff's risk above $10,000 on any one boat on the Mississippi river, and above $5,000 on any one boat on the tributaries of the Mississippi; and this is conceded by the learned counsel for defendant. Now suppose the case of a boat running between New Orleans and Memphis. At Memphis she takes on $10,000 freight which is insured by plaintiff. At the mouth of the Yazoo she takes on $5,000 more freight, shipped from Yazoo City with privilege of reshipment, and also insured by plaintiff. The plaintiff has then $15,000 risk on one boat running on the Mississippi. The contract in question was intended to reinsure all in excess of $10,000. To accomplish this intent of the parties the clause in question must be construed as descriptive of the boats carrying the freight and not of the freight, for if we contrue it as descriptive of freight, then the plaintiff has a risk of over $10,000 on one boat on the Mississippi and no re-insurance, because only $10,000 is from places on the Mississippi, and only $5,000 is from places on the tributaries of the Mississippi, and this is in conflict with the conceded intent of the parties. On the other hand, if we construe the contract as descriptive of the boats, then we have a case where the risk is determined, not by the route over which the goods are to be transported, which is the ordinary consideration, but by the fact as to where the boat had made her voyage before the risk was assumed.

The contention of the defendant with regard to the proper construction, as most clearly and concisely stated by the counsel, is that the words "on boats from places on the tributaries of the Mississippi river" must be construed with reference to the principal purpose of the contract, which is the insurance on cotton, etc., from points and places on the Mississippi river and its tributaries to New Orleans. There is no doubt the details of the contract should be construed with reference to the main purpose of the contract, but this concession does not relieve us of the difficulty in this case. Of course the purpose of the contract is the insurance of cotton, etc., in transit, and to reach it intelligently four things have to be provided for: (1) The territorial limit of the proposed risk; (2) the character and kind of property to be risked; (3) the character and kind of transportation

to be employed, and (4) the amount of risk to be assumed. These things are provided for in this policy in order, to-wit, from points and places on the Mississippi river and its tributaries, on cotton, sugar, molasses, and cotton-seed, transported on boats from places on the Mississippi river, and on boats from places on the tributaries of the Mississippi river, and in the one case on the excess of the $10,000, and in the other on the excess of $5,000. The construction claimed by the defendant would ignore all differences between the character and kind of boats plying on the Mississippi river and of the boats plying on the tributaries, while the contract makes the two classes and provides different responsibilities for each class. The construction claimed would be the plain letter of the clause in controversy if we should strike out where they occur the words "on boats," for it would read in this case "on their excess of $5,000 from places on the tributaries of the Mississippi river." The rules of construction will not allow us to strike out these words, but do require us to give meaning and force to them if possible. If we take the words of the contract as the parties have left them, and in the connection that they have used them, it would seem to be more in consonance with the real intent of the parties and with the rules of construction of such contracts, to construe them as descriptive of boats rather than as descriptive of freight.

Ambiguous language in an insurance policy should be construed against the insurer. See May, Ins. §§ 174–176, and Wood, Ins. 140 *et seq.* This construction is in accord with the only adjudged case cited in argument. See *Phœnix Ins. Co.* v. *Cochran*, 51 Pa. St. 143. The insurance in that case was on two policies of same date for $5,000, each for one year, on oil in bulk or barrels, on board the good barges trading as to one policy, between the wells on Oil Creek, Allegheny River, and Pittsburgh, as to the other between Oil City and Pittsburgh; the wells on Oil Creek are above Oil City, which is at the mouth of Oil Creek; and the court held that these points were descriptive of the barges, and not the freight, and that whenever the oil was taken on or delivered between these points it was within the policies if the barges were trading between these points. This construction is also in accord with what, from well-known facts, would seem to be the motive of the parties in discriminating as to the amount of reinsurance against the tributaries and in favor of the Mississippi, because it is well known that in quality of boats and in dangers of navigation the difference is largely in favor of the Mississippi. In deference to the very clear, earnest, and forcible manner in which counsel for defendant has presented his case, I have most carefully considered the question presented, and while I am not free from doubt, I cannot avoid the conclusion that the clause in the policy in suit is descriptive of the boats and not entirely of the freight. Reaching this conclusion, under the agreed state of facts, judgment must go for the plaintiff for $1,275 and costs; and it is so ordered.